IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,277-01






EX PARTE HERBERT LAVONNE WIGGINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29883CR IN THE 40TH DISTRICT COURT


FROM ELLIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
of a child and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction.
Wiggins v. State, No. 10-06-00134-CR (Tex. App.-Waco, July 11, 2007, no pet.). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to request the appointment of an investigator. On August 20, 2008, we remanded
this application and directed the trial court to make findings of fact and conclusions of law. On
remand, counsel filed an affidavit and explained why he did not request the appointment of an
investigator. The trial court found that counsel was a credible person and concluded that his decision
was reasonable trial strategy. The trial court also concluded that counsel was not ineffective. We
believe, however, that the record is not sufficient to resolve Applicant's claim. Accordingly, the trial
court shall provide Applicant's trial counsel with the opportunity to explain why, if he knew that
prosecutors in Georgia had declined to file charges against Applicant for sexually assaulting his
oldest daughter when she was a child, he did not impeach her at punishment. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make findings of fact as to what specific evidence in the Georgia
case indicated that Applicant's oldest daughter filed a false report against him. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 11, 2009

Do not publish